**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

George Anthony Gutierrez,

        Petitioner,

v.

United States of America,

        Respondent.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 01-331 ADM/AJB
Civil No. 05-855 ADM

_____

George Anthony Gutierrez, pro se.

James E. Lackner, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent.
_____

**I. INTRODUCTION**

This matter is before the undersigned United States District Judge on Petitioner George Anthony Gutierrez's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [Docket No. 99].[1]  Petitioner has also filed a Motion to Amend or Supplement his § 2255 Motion [Docket No. 102], a Motion for an Evidentiary Hearing [Docket No. 104], a Motion to Appoint Counsel for Discovery [Docket No. 105], and a Motion to Amend his Motion to Appoint Counsel [Docket No. 106].  Petitioner moves this Court to vacate his sentence based on 26 grounds of deprivation of his right to a fair trial.  For the reasons set forth below, Petitioner's Motions are denied.

---

[1] All docket references are to Criminal No. 01-331.

## II. BACKGROUND

On October 11, 2001, Petitioner's home in Burnsville, Minnesota was searched by law enforcement officers, pursuant to a search warrant issued earlier that day. Based on the findings of this search, a federal grand jury returned an Indictment [Docket No. 7] charging Petitioner with possession with intent to distribute methamphetamine (Count 1), possession with intent to distribute cocaine (Count 2), and use of a firearm during a drug trafficking offense (Count 3).

On January 9, 2002, Petitioner appeared before Magistrate Judge Arthur J. Boylan for hearing on his Motion for Right of Self Representation [Docket No. 21]. At this hearing, Judge Boylan repeatedly cautioned Petitioner that proceeding without an attorney was "terribly unwise," and specifically told Petitioner that, if he represented himself, he would be responsible for "determining whether and when to enter objections to evidence that's being offered or questions being asked of witnesses." January 9, 2002 hearing transcript at 12-14 [Docket No. 69]. When Petitioner nevertheless insisted on representing himself, Judge Boylan issued an Order [Docket No. 24] granting Petitioner's motion.

Prior to the beginning of trial, this Court further discussed the implications of Petitioner's decision to represent himself. The Court specifically advised Petitioner of his right to an attorney, that standby counsel had a different role than defense counsel, and that the Court would not give Petitioner legal advice or guide him in trial process. See March 19, 2002 trial transcript at 24-29 [Docket No. 77]. Following this discussion, Petitioner proceeded to knowingly and voluntarily waive his right to counsel.

On February 12, 2002, Judge Boylan issued a Report and Recommendation [Docket No. 38] denying Petitioner's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No. 14], stating that "there is no basis for suppressing evidence obtained pursuant to [the search warrant]."

On March 21, 2002, after a three-day trial, Petitioner was convicted on all three counts. This Court sentenced Petitioner to a total of 300 months on November 26, 2002 [Docket No. 83]. The Eighth Circuit affirmed Petitioner's conviction on December 18, 2003, and the United States Supreme Court denied Petitioner's petition for a writ of certiorari on October 4, 2004. United States v. Gutierrez, 351 F.3d 897 (8th Cir. 2003), *cert. denied*, 125 S. Ct. 36 (2004). Petitioner filed the instant Petition on April 29, 2005.

### III. DISCUSSION

Defendant's motion is brought pursuant to 28 U.S.C. § 2255. Section 2255 provides persons in federal custody a limited opportunity to collaterally attack the constitutionality, jurisdictional basis or legality of the sentence prescribed by the court. See United States v. Addonizio, 442 U.S. 178 (1979). Section 2255 is not a substitute for direct appeal, and "the failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion." Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). It is also well established that "[i]ssues raised and decided on direct appeal cannot ordinary be relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).

### Grounds 1, 17 and 25

Petitioner claims that he was arrested and his home was searched on October 10, 2001, whereas the search warrant was not signed until 2:35 p.m. on October 11, 2001. Petitioner thus argues that the evidence obtained on the day of his arrest was fraudulently obtained. Petitioner bases his argument on the fact that, at various places in the record, the date of his arrest is said to be October 10, 2001. See March 19, 2002 trial transcript at 33, 35; March 21, 2002 trial transcript (morning session) at 16, 34 [Docket No. 75]; March 21, 2002 trial transcript (afternoon session) at 88, 89. However, October 11, 2001 is clearly listed as the date of search and arrest on Deputy Peter Eastman's "Receipt, Inventory and Return" form [Docket No. 39]. Petitioner was arrested at the scene of the search. See March 19, 2000 trial transcript at 40-43, 47, 52-54. While there was some confusion in the testimony as to the precise date of arrest, Petitioner did not raise this issue at his suppression hearing or at trial or on direct appeal. As a result, Petitioner is barred from raising this issue on a § 2255 motion. See Matthews, 114 F.3d at 113.

### Grounds 2-3, 18-22, 24

Petitioner argues that prosecutors, law enforcement officials and his standby counsel committed fraud and perjury because they knew that the warrant was a fraud. In addition, Petitioner essentially provides his own version of the facts, one that is not compatible with the jury's findings, nor with any proffered evidence. Furthermore, Petitioner has waived the right to raise this argument for failure to raise this issue previously. See id.

**Ground 4**

Petitioner argues that his Sixth Amendment rights were violated due to ineffective assistance of counsel. Petitioner claims that both his standby counsel and his appellate attorney failed to provide him with a copy of the search warrant. This claim is factually unsupportable, as Petitioner previously acknowledged receiving a copy of the warrant. See February 6, 2002 motion hearing transcript at 29-30 [Docket No. 72]. The United States Supreme Court has established a two-pronged test that an ineffective assistance of counsel claim must satisfy: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). As Petitioner fails to proffer evidence in support of these two prongs, his ineffective assistance of counsel claim is without merit.

**Grounds 5-6, 9-11, 13-15, 23 and 26**

Petitioner first states in Ground 5 that "there was a lot of hearsay in trial." As this issue was raised before and rejected by the Eighth Circuit on appeal, Petitioner cannot raise this issue again in a § 2255 context. Gutierrez, 351 F.3d at 898 n.2. Petitioner makes similar claims in Grounds 6, 9-11, 13-15, 23, and 26, all of which must be denied for the same reason.

Petitioner next complains that a suppressed recording containing the Petitioner's invocation of his right to counsel was wrongly played at trial. Petitioner is precluded from raising this claim, however,

because he specifically stated at trial that he had "no objection to the portions of the tape that were played." March 21, 2002 trial transcript at 47.

### Ground 7

Petitioner complains that, at trial, his standby counsel interfered with his defense by advising his wife to consult with the Federal Public Defender before testifying. Again, Petitioner previously raised this claim on direct appeal and was denied relief by the Eighth Circuit. Id. at 903.

### Ground 8

Petitioner complains that AUSA Anthony Brown used photos to identify him at trial, whereas Mr. Brown had stated during a pre-trial hearing that only police officers would be used to identify Petitioner. Petitioner's complaint is without merit, as he has confused the police "photo showup" discussed in his Motion to Suppress Eyewitness Identifications [Docket No. 13] with the seized photo IDs used by the government during trial. Mr. Brown's comment during the February 6, 2002 motion hearing referred only to the police photos, and not to the Petitioner's photo IDs that were seized pursuant to the October 11, 2001 search warrant. February 6, 2002 motion hearing transcript at 9. Consequently, Petitioner has no factual basis on which to make this allegation.

### Ground 12

Petitioner argues that the prosecution improperly failed to call a handwriting expert when arguing that notes found in Petitioner's briefcase were in Petitioner's handwriting. Petitioner is barred from raising this issue, as it was rejected by the Eighth Circuit on appeal. Id. Petitioner's argument that this specific issue was not raised on appeal is factually inaccurate. See Brief for Appellant at 38-39, Gutierrez, 351 F.3d 897 (No. 02-3970).

6

**Ground 16**

Petitioner argues that his Fifth and Sixth Amendment rights were violated because "when [the] search was conducted there was marijuana found on that same day." Again, Petitioner fails to state a legally cognizable claim.

**Additional Grounds**

Petitioner also asks the Court to review the following cases: Crawford v. Washington, 541 U.S. 36 (2004); Blakely v. Washington, 124 S.Ct. 2531 (2004); United States v. Booker, 125 S.Ct. 738 (2005); Shepard v. U.S., 125 S.Ct. 1254 (2005). Petitioner's claim fails because he has failed to show how any of the above cases are applicable to the instant Petition, and because none of these cases apply retroactively to cases on collateral review. See Tineo v. LeBlanc, 2005 WL 740520, at *3 (D. Minn. March 31, 2005) (finding Blakely and Booker to be non-retroactive); Langley v. U.S., 2005 WL 1114710, at *1 (M.D.N.C. May 5, 2005) (finding Shepard to be non-retroactive); Olivas-Gutierrez v. U.S., 2005 WL 1241871, at *4 (W.D. Tex. May 19, 2005) (also holding that Shepard is non-retroactive); Ferguson v. Roper, 400 F.3d 635, 639 n.3 (8th Cir. 2005) ("Crawford does not appear to fall within the narrow exceptions to non-retroactivity under Teague v. Lane, 489 U.S. 288.").

**Motion for an Evidentiary Hearing**

"A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Petitioner seeks an evidentiary hearing to show that fraud and perjury were committed during his trial, as well as to demonstrate that the search warrant had not issued at the time of the search. Even if Petitioner could prove his allegations, he would not be

entitled to relief due to his failure to raise the issues earlier. See Matthews, 114 F.3d at 113. There is no need for an evidentiary hearing.

**Motion to Appoint Counsel**

18 U.S.C. § 3006A(a)(2)(B) states: "Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under . . . section 2255 of title 28." Petitioner thus has no affirmative right to the appointment of counsel, and the Court finds that the interests of justice do not require that one be provided. Petitioner chose to represent himself at trial and has filed several pro se motions, and the Court sees nothing unique about Petitioner's situation that would require or merit the appointment of counsel.

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion for an Evidentiary Hearing [Docket No. 104] is **DENIED**;

2. Petitioner's Motion to Appoint Counsel for Discovery [Docket No. 105] and Motion to Amend Motion to Appoint Counsel [Docket No. 106] are **DENIED**; and

  3. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Docket No. 99] and

Motion to Amend or Supplement Motion to Vacate [Docket No. 102] are **DENIED.**

                BY THE COURT:


                <u>  s/Ann D. Montgomery  </u>
                ANN D. MONTGOMERY
                U.S. DISTRICT JUDGE

Dated: June 23, 2005.